## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DIANE HODGE,<br><br>                    Appellant,<br><br>          v.<br><br>DEPARTMENT OF VETERANS<br>     AFFAIRS,<br><br>                    Agency. | DOCKET NUMBER<br>DE-0714-17-0420-X-1<br><br><br><br>DATE: May 10, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Diane Hodge, Prescott Valley, Arizona, pro se.

Karl Lynch, Esquire, Garland, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

This case is before the Board pursuant to a December 28, 2021 compliance initial decision finding the agency in noncompliance with the Board's July 2, 2021 initial decision. *Hodge v. Department of Veterans Affairs*, MSPB Docket No. DE-0714-17-0420-C-1, Compliance File (CF), Tab 9, Compliance Initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Decision (CID) at 1-17; *Hodge v. Department of Veterans Affairs*, MSPB Docket No. DE-0714-17-0420-M-1, Remand File (RF), Tab 12, Initial Decision (ID) at 1-15. For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

On July 2, 2021, the administrative judge issued an initial decision reversing the appellant's demotion and ordering the agency to pay the appellant the correct amount of back pay, including interest, and all other benefits to which she was entitled. ID at 1-15.[2] On September 23, 2021, the appellant filed a Petition for Enforcement contending that the agency had failed to provide an accounting of the back pay it had provided appellant. CF, Tab 1 at 4-5.

After affording the parties an opportunity to file evidence and argument regarding the back pay issue, the administrative judge issued a compliance initial decision on December 28, 2021, finding the agency in noncompliance "with its obligation to provide full back pay to Appellant." CID at 4. The initial decision stated that "[a]lthough the agency undisputedly has provided a back pay payment to Appellant, the agency has failed to provide any evidence of how it calculated the back pay, including any interest 'if interest was included.'" CID at 4.[3]

On February 7, 2022, the Office of the Clerk of the Board issued an Acknowledgement Order notifying the parties that a new docket number had been assigned (reflecting the referral of the matter to the Board for a final compliance

---

[2] Neither party filed a petition for review of the July 2, 2021 decision, and thus, the initial decision became the Board's final decision on August 6, 2021.

[3] The compliance initial decision informed the agency that, if it decided to take the actions required by the decision, it must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it has taken the actions identified in the compliance initial decision, along with evidence establishing that it has taken those actions. CID at 6-8; *see* 5 C.F.R. § 1201.183(a)(6)(i). The compliance initial decision also informed the parties that they could file a petition for review if they disagreed with the compliance initial decision. CID at 6-8; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii). Neither party petitioned for review of the compliance initial decision.

determination) and notifying the appellant of her right to respond to the agency's submission within 20 days. *Hodge v. Department of Veterans Affairs*, MSPB Docket No. DE-0714-17-0420-X-1, Compliance Referral File (CRF), Tab 1 at 1-3.

On February 22, 2022, the agency submitted an "Agency Report on Compliance" in which it stated that "not all interest payments on the back pay have been made . . . ." CRF, Tab 2 at 1.

On March 3, 2022, the appellant filed her "Response to Agency Report on Compliance," arguing that the agency had failed to provide information on how much money the appellant was owed, how much interest on the total amount of back pay was owed, and how those amounts were calculated. CRF, Tab 3 at 4-5. The appellant further requested that the Board sanction the agency for its lack of compliance. *Id.* at 5.

On June 7, 2023, the Office of the Clerk of the Board issued an order requiring the agency to submit an update to its compliance efforts, including:

> (1) a detailed narrative explanation of the calculations of the back pay and interest owed to appellant; (2) evidence of all back pay payments and interest already made to the appellant; and (3) an explanation of what amount of back pay the agency believes it still owes the appellant, if any, along with a statement regarding why it has not yet paid this amount to the appellant.

CRF, Tab 5 at 2.

On June 28, 2023, the agency submitted a response to the June 7, 2023 Order. CRF, Tab 6 at 1-49. In the response, the agency explained that it owed the appellant a gross amount of $33,747.65 in back pay and $12,585.76 in interest on the back pay for the period between the appellant's demotion, effective August 20, 2017, and her reinstatement to her former higher-graded position in 2021. *Id.* at 12. The agency also submitted spreadsheets and charts detailing the amounts owed the appellant and the varying applicable rates of interest during the back pay period. *Id.* at 7-48.

On July 11, 2023, the appellant filed a reply to the agency's response, which confirmed that she had received the back pay payments but argued that the agency's submissions show "a lot of numbers but not really given explicit explanation [sic] of how the final figures were created." CRF, Tab 7 at 4. The appellant requested a "simple written explanation." *Id.*

## ANALYSIS

The agency bears the burden of proving that it has complied with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 4 (2010). The agency is required to produce relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 443 (1996). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

In its June 28, 2023 submission, the agency provided spreadsheets and a chart evidencing the difference between the salary the appellant earned and the salary she should have earned without the demotion and adding up the amount owed the appellant per pay period from 2017 to 2021. CRF, Tab 6 at 7-11. The agency stated that the appellant was paid in three installments on June 5, 2021; August 28, 2021; and October 8, 2022. *Id.* at 4; 12. The submission included a Defense Finance and Accounting Service (DFAS) report detailing the gross back pay owed per year. For 2017, the appellant was owed a gross amount of $2,972.80; for 2018, $8,497.55; for 2019, $8,606.45; for 2020, $10,308.77; and for 2021, $3,362.08. *Id.* at 7, 12.[4] The DFAS report also provides the interest amount owed for each date the appellant was paid her back pay, as well as deductions from the back pay for taxes and benefits, and the net amounts paid in each back pay installment. *Id.* at 12. The agency also submitted "Back Pay

---

[4] The amount owed in back pay for 2017 was not included on the DFAS report but was provided on a spreadsheet in the agency's submissions. *Id.* at 7.

Computation Summary Reports" for each of the three back pay payments, which provide the breakdown of the time periods covered by each payment; calculations of the interest on the back pay; and spreadsheets detailing gross earnings and certain deductions. *Id.* at 13-48.

Thus, the agency has produced detailed, credible evidence that it has complied with the Board's July 2, 2021 initial decision to pay the appellant all the back pay, interest, and benefits to which she was entitled. RF, Tab 12. The appellant specifically questioned several items, which we address in turn.

First, the appellant asserts that the interest rates used to calculate the interest on the back pay vary. CRF, Tab 7 at 4. Interest on back pay is computed using Internal Revenue Service quarterly rates, which vary. 5 U.S.C. § 5596; 5 C.F.R. §§ 550.806. Second, the appellant states that the agency did not specify whether the payments included step increases. CRF, Tab 7 at 4. The spreadsheets detailing the differences between the salary she received and the salary she was owed reflect step increases. CRF, Tab 6 at 7-11. Third, the appellant asserts that the agency did not specify when the interest on the back pay stopped accruing. CRF, Tab 7 at 4. For each payment she received, the agency provides a "Back Pay Computation Summary Report" which states the dates on which the back pay interest stopped accruing (including interest on the interest owed to the appellant). CRF, Tab 6 at 13, 22, 35, 39.[5]

In sum, although the appellant challenges several aspects of the agency's compliance explanations, she has not convincingly demonstrated that the agency's explanations and calculations are incorrect; and she does not contest that she received the amounts stated. As a result, we find the agency in compliance.

Finally, regarding the appellant's request for sanctions, we deny the request. The Board's sanction authority is limited to the sanctions necessary to obtain compliance with a Board order. *Mercado v. Office of Personnel*

---

[5] Interest accrual ends at a time selected by the agency that is no more than 30 days before the date of the back pay interest payment. 5 C.F.R. § 550.806.

*Management*, 115 M.S.P.R. 65. ¶ 8 (2010) (stating that the Board's ability to award sanctions is a means to enforce compliance, and once compliance has been demonstrated, it would be inappropriate to impose sanctions). Because the agency has complied with the Board's orders, we are without authority to impose sanctions in this matter.

Accordingly, in light of the agency's evidence of compliance, the Board finds the agency in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.